UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HIKEAM HANKINS,

              Plaintiff,

      v.

BURLINGTON STORES, INC.,
KATHLEEN MINUTOLI, BARBARA
MCCARTHY, STEVEN SALVO, DAREEN
ZEYLA, KATHLEEN HARRISON, AND
JENNY GOMEZ,

              Defendants.

MEMORANDUM & ORDER
25-CV-02513 (NRM)

NINA R. MORRISON, United States District Judge:

Plaintiff Hikeam Hankins, proceeding *pro se*, has filed this action against Defendants Burlington Coat Factory of Texas, Inc.,[1] Kathleen Minutoli, Barbara McCarthy, Steven Salvo, Dareen Zeyla, Kathleen Harrison, and Jenny Gomez alleging race discrimination, retaliation, wrongful termination, failure to promote, and failure to investigate under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and New York State Executive Law § 296, *et seq.* At issue is Defendants' motion to compel arbitration. Mot. to Compel Arbitration ("Mot."), ECF No. 28.

Defendants argue that the exclusive forum for Plaintiff's claims is arbitration because Plaintiff allegedly signed an arbitration agreement as part of his employee onboarding and failed to timely opt out. Mot. at 10–14.[2] Plaintiff argues that he did

---

[1] Defendants have noted that Burlington Coat Factory of Texas, Inc. has been "improperly identified" as "Burlington Stores, Inc." Mot. at 1.

[2] Unless otherwise indicated, all page references use the pagination generated

not voluntarily assent to arbitration, that he timely opted out, and that even in the alternative, arbitration for his claims is barred under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA").  Mem. of L. in Opp'n to Mot. to Compel ("Opp'n"), ECF No. 31.

The EFAA amended the Federal Arbitration Act and provides that "at the election of [a] person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which . . . relates to the sexual assault dispute or the sexual harassment dispute."  9 U.S.C. § 402(a).  Plaintiff argues that his claims fall within this statute and are therefore non-arbitrable.

Plaintiff's complaint is primarily centered around claims and incidents of race discrimination.  However, the complaint also alleges at various points that Plaintiff was subjected to sexual harassment; that he complained to Defendants about the harassment he experienced; and that Defendants retaliated against him at least in part due to such complaints.  *See* Am. Compl. ("Compl.") ¶¶ 45, 46, 47, 74, ECF No. 7.

The Second Circuit has held that "retaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment'" as defined by the EFAA.  *Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024) (quoting 9 U.S.C. § 401(4)).  Furthermore, courts in this circuit are in

---

by the Electronic Case Filing System.

agreement that "the EFAA, at the election of the party making such an allegation, makes pre-dispute arbitration agreements unenforceable with respect to the entire case relating to that dispute." *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 561 (S.D.N.Y. 2023); *see, e.g.*, *Lambert v. New Start Capital LLC*, 799 F. Supp. 3d 258, 281–82 (S.D.N.Y. 2025); *Clay v. FGO Logistics, Inc.*, 751 F. Supp. 3d 3, 18–20 (D. Conn. 2024). In other words, if Plaintiff's claim for retaliation constitutes a "sexual harassment dispute" under the EFAA, his entire case may be non-arbitrable.

Defendants argue that the EFAA does not apply because to properly "allege" a sexual harassment dispute as defined by the EFAA, Plaintiff must state a plausible claim of sexual harassment that could survive a Rule 12(b)(6) dismissal. Reply in Support of Mot. to Compel ("Reply") at 9–10, ECF No. 34. They contend that Plaintiff's pleadings do not meet that standard as to any potential claim involving sexual harassment. Reply at 10. Notably, however, Defendants are not correct in claiming that courts have "unanimously" held that the Rule 12(b)(6) plausibility standard is applicable to the EFAA context. Reply at 9. Indeed, district courts in this circuit have thus far been split over whether the EFAA requires a plaintiff's allegations of sexual harassment to be "plausible" or merely non-frivolous. Some have concluded that "the term 'alleged' as used in [the EFAA] is best read to implicitly incorporate the [Rule 12(b)(6)] plausibility standard." *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023); *accord Kelly v. Rosenberg & Estis., P.C.*, 804 F. Supp. 3d 461, 465 (S.D.N.Y. 2025); *Mitura v. Finco Servs., Inc.*, 712 F. Sup. 3d 442, 451 (S.D.N.Y. 2024). Others have disagreed, finding that any concerns about

3

plaintiffs filing what Defendants here characterize as "bogus" claims (*i.e.,* false sexual harassment claims made solely for the purpose of invoking the EFAA to avoid arbitration) are already addressed "by tools that exist under federal law" — namely, the prohibition on filing false claims in Federal Rule of Civil Procedure 11. *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 541; *see also id.* at 533 (S.D.N.Y. 2024) (holding that "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment" to invoke the EFAA); *O'Donnell v. Magazzino Italian Art Found.*, No. 25-CV-2918 (JGLC), 2026 WL 880646, at *8 (S.D.N.Y. Mar. 31, 2026) (same).

Moreover, Plaintiff requests in his opposition that should the Court have any concerns about whether his pleadings regarding sexual harassment are sufficient, he should be given leave to amend to supplement those allegations. Opp'n at 16–17. Defendants argue that leave to amend would be inappropriate because any amendment would be futile and permit Plaintiff "to craft 'bogus' claims of sexual harassment just to try to defeat arbitration." Reply at 10 n.3. However, it is well established that "[l]eave to amend should be liberally granted, particularly to pro se litigants." *Diez v. Washington Mut. Bank*, No. 09-CV-2390 (JS), 2011 WL 4434064, at *2 (E.D.N.Y. Sept. 21, 2011).

Though Plaintiff has already once amended his complaint, he has not yet had the opportunity to amend in response to Defendants' specific contention that the portions of his pleadings discussing sexual harassment are insufficient to invoke the EFAA. And indeed, after Defendants made that argument, Plaintiff affirmatively

4

represented that he "can provide additional factual detail regarding the sexual comments and conduct." Opp'n at 17.

Given the developing state of the case law around the interpretation of the EFAA, as well as Plaintiff's own representations, the Court finds that leave to amend here is appropriate. The Court thus grants Plaintiff's request to amend his complaint to add additional factual allegations surrounding the sexual harassment he claims to have experienced while employed by Defendants. Plaintiff is reminded that under Federal Rule of Civil Procedure 11, he certifies that any allegations included in his pleadings to the Court "have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" and "[are] not being presented for any improper purpose," and that any violation of this rule may result in sanctions. Fed. R. Civ. P. 11(b). Plaintiff shall file his amended complaint by June 17, 2026. Defendants will then have until July 1, 2026 to file a letter brief supplementing their opposition as to the EFAA issue.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:    May 27, 2026
          Brooklyn, New York